DAVID D. LIN (DL-3666)
LAUREN VALLI (LV-7672)
**LEWIS & LIN, LLC**
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Lauren@iLawco.com
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*
DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC, | Case:  1:20-cv-9877 |
| *Plaintiffs*, | |
| vs. | **COMPLAINT** |
| JOHN DOE #1 a/k/a John D., a Yelp.com user, JOHN DOE #2 a/k/a Elizabeth M., a Yelp.com user, JOHN DOE #3 a/k/a Robert R. a Yelp.com user, JOHN DOE #4 a/k/a Zoe C., a Yelp.com user, JOHN DOE #5 a/k/a Caroline P., a Yelp.com user, JOHN DOE #6 a/k/a Yelena P., a Yelp.com user, JOHN DOE #7 a/k/a Lana W., a Yelp.com user, JOHN DOE #8 a/k/a Zin N., a Yelp.com user, JOHN DOE #9 a/k/a Carly D., a Yelp.com user, | |
| *Defendants*. | |

Plaintiffs Dr. Muhammad Mirza, MD, ("Dr. Mirza" or "Plaintiff Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Plaintiff Allied Medical", collectively with Dr. Mirza, "Plaintiffs") by their attorneys Lewis & Lin LLC, for their complaint against Defendants John Doe #1 a/k/a John D., a Yelp.com user, John Doe #2 a/k/a Elizabeth M., a Yelp.com user, John Doe #3 a/k/a Robert R. a Yelp.com user, John Doe #4 a/k/a Zoe C., a Yelp.com user, John Doe #5 a/k/a Caroline P., a Yelp.com user, John Doe #6 a/k/a Yelena P., a Yelp.com user, John Doe #7 a/k/a Lana W., a Yelp.com user, John Doe #8 a/k/a Zin N., a Yelp.com user, John Doe #9 a/k/a Carly D., a Yelp.com user (collectively, "Defendants") allege as follows:

## STATEMENT OF CASE

1. This is an action for recovery of damages and injunctive relief arising from blatant acts of defamation and tortious interference with contracts, in connection with the publishing of defamatory reviews by Defendants on Yelp.com regarding Plaintiffs.

2. Defendants created, or caused to be created, reviews for the purpose of publishing the Defamatory Reviews (defined below). The Defamatory Reviews remain active and, upon information and belief, are viewed by thousands of visitors each day, and Defendants continue to defame and injure Plaintiffs with the Defamatory Reviews.

3. As a result of Defendants' misconduct, Plaintiffs have been and continue to be substantially and irreparably harmed.

## <u>PARTIES</u>

4. Plaintiff Dr. Muhammad Mirza, MD ("Dr. Mirza") is a medical doctor, board-certified in internal medicine and licensed in the states of New York and New Jersey. Dr. Mirza is domiciled at 124 Eileen Drive, Cedar Grove, New Jersey 07009. Dr. Mirza is not a public official and not a public figure.

5.   Plaintiff Allied Medical and Diagnostic Services, LLC ("Allied Medical," collectively with "Dr. Mirza," Plaintiffs) is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York, County of New York. Plaintiff Dr. Mirza is the sole member and principal of Plaintiff Allied Medical.

6.   The true names and capacities of the Defendants sued herein as John Does are unknown to Plaintiffs, who sues Defendants under such fictitious names. Defendants created and maintain the Internet-based, Defamatory Reviews denigrating Plaintiffs on Plaintiffs' various Yelp.com profiles. Upon information and belief, and according to their Yelp.com profiles, none of the defendants are citizens of New Jersey. Upon information and belief, the Defendants are engaged in commerce in the United States, including within this judicial district.  The Defamatory Reviews do not provide contact information for their authors.  If necessary and after discovery, Plaintiffs will seek leave of court to amend this Complaint to state true names when they are ascertained.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.

8.   This Court has personal jurisdiction over Defendants because, upon information and belief, they are residents of the State of New York and/or committed tortious acts within the State which caused injury to Plaintiffs within the State. Thus, personal jurisdiction over Defendants is also proper in New York pursuant to NY C.P.L.R. § 302(a).

9.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2),

since some, or all, of the conduct that is the subject of this action occurred in this district.

## BACKGROUND COMMON TO ALL CLAIMS

10. Dr. Mirza operates a successful and respected medical practice, Plaintiff Allied Medical.

11. Dr. Mirza is board-certified in internal medicine and licensed to practice medicine in New York and New Jersey. Dr. Mirza received his medical degree at the University of Karachi in Pakistan, in 1995. After that he served as a resident at Kingsbrook Hospital in Brooklyn, New York, from 1998 to 1999, and then Overlook Hospital, in Summit, New Jersey, from 1999 to 2001. He then served as a Post-Doctoral Research Fellow at John Hopkins University Hospital in Baltimore, Maryland.

12. Dr. Mirza has decades of experience practicing medicine.

13. Dr. Mirza visits different offices on different days for the convenience of his patients, but his principal office is at 290 Madison Avenue, 6th Floor, New York, New York 10017.

14. As part of Dr. Mirza's medical practice, he offers injections of Botulinum toxin A, commonly known as "Botox," manufactured by Allergen PLC, along with cosmetic treatments using other products.

15. Botox has various medical applications, but most patients seek out elective treatments for cosmetic applications. Botox injection into the muscles under facial wrinkles causes relaxation of those muscles, resulting in the smoothing of the overlying skin.

16. As with many cosmetic treatments, patients sometimes find that the results of their procedures do not live up to their expectations.

17. While most of Plaintiffs' patients have shared their opinions in a lawful and

reasonable manner, a handful of disgruntled patients who have undergone cosmetic procedures have chosen to voice false and defamatory accusations on Yelp.com, as described below.

### The First Defamatory Review

18. On or about November 21, 2019, Defendant John Doe #1 a/k/a John D., a Yelp.com user ("Defendant John Doe #1), with the username "John D." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-9?hrid=DGAHH0Lccny5Q6xdL25qaA&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct) (the **"First Defamatory Review"**).

19. Specifically, the First Defamatory Review stated as follows:

> Pretty terrible, rude and he's very ugly also he's **a scam** and **a troll artist** I think he may also be **autistic** and a little **crazy in the head**

(emphasis added.)

20. The First Defamatory Review is false.  Defendant John Doe #1 directed the dissemination of the First Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

21. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

22. Upon information and belief, Defendant John Doe #1 published the First Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the First Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

23. It is not possible that Plaintiffs engaged in the conduct alleged in the First Defamatory Review because Plaintiff Dr. Mirza operates a legitimate business who does not operate scams nor does he purposely make offensive statements online to get attention or to harm someone else. Further, Plaintiff Dr. Mirza has never been diagnosed as autistic or with any mental health condition.

24. Accordingly, the First Defamatory Review is undeniably false.

**The Second Defamatory Review**

25. On or about December 26, 2019, Defendant John Doe #2 a/k/a Elizabeth M. ("Defendant John Doe #2"), with the username "Elizabeth M." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-6?hrid=GX-Eoln36Lr9RbgOBjfEfQ&utm_campaign=www_review_share_popup&utm_medium=copy_link &utm_source=(direct)) (the **"Second Defamatory Review"**).

26. Specifically, the Second Defamatory Review stated as follows:

I should of known purchasing Botox on Groupon probably wasn't a good idea to begin with. **Dr. Mirza was extremely unprofessional and unsanitary.** I drove from Pennsylvania all the way to New Jersey (he travels to several states a week) just to end up at a sketchy office building where they crammed all of us in a tiny meeting room with a long desk. The room was packed, people were even sitting on the floor. Dr. Mirza's assistant or whatever she was, came into the room with a clipboard and started taking down names of people who were coming to get something done and what they came to get done. She was extremely rude and after having certain people wait for hours, she told them he was so overbooked they'd have to come back another day. Unfortunately, I was good to stay and had work done with him.(would've preferred to not get anything done and be one of the people who had to leave looking back at my experience) I was called in to an even sketchier room in the back of the building. The room had a computer, a desk, and two office chairs. On the desk Dr. Mirza had a huge duffel bag full of hundreds of botox syringes. He literally was just pulling them out of his bag as each patient came in. He examined my lips and told me my natural lips were "crooked." I told him I wanted a small plump but nothing too dramatic. I had prepaid for 2 Restylane Syringes which is a hefty amount of product, and he gave me four tiny pinches of Juvaderm, which didn't even amount to 1/4 of a syringe. **Not only did he give me the wrong product, but I paid 500$ worth of botox to maybe get 50$ worth injected.** He used a tiny

alcohol pad around my lips, sat me in an office chair, didn't even give me time to react, and just started injecting right away. **Didn't wash his hands before or after the procedure, didn't ask me if I was ok, didn't explain a single thing, just finished injecting and lead me out the door.** I myself was so ready to leave, I didn't ask him about a possible refund for the syringes I paid for and never used. Him and I had been communicating via text up until the day I got my lips filled and he was very responsive. Once I texted him after my appointment about the refund, he never responded. The entire experience was uncomfortable from beginning to end and a **cheap lip fill** is not worth going through all of this. The result of my lip injection wasn't too bad  after my swelling went away; and I wasn't dissatisfied with my result but I would NEVER GO BACK TO HIM. Save yourself time and peace of mind and go **to an actual professional who knows what they're doing.**

(emphasis added.)

27. The Second Defamatory Review is false.  Defendant John Doe #2 directed the dissemination of the Second Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

28. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

29. Upon information and belief, Defendant John Doe #2 published the Second Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Second Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients— all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

30. It is not possible that Plaintiffs engaged in the conduct alleged in the Second Defamatory Review because Plaintiffs take measures to ensure a sanitary practice. Plaintiffs and their employees always act in a professional manner. Plaintiff Dr. Mirza is a licensed medical professional who has many years of experience in cosmetic treatments. Plaintiff Dr. Mirza

always ensure that the correct product is used and the amount of product that is paid for. Plaintiff Dr. Mirza also ensures that a patient can ask any questions or express any concerns before, during and after the procedure. Plaintiffs only use authentic products.

31. Accordingly, the Second Defamatory Review is undeniably false.

## **The Third Defamatory Review**

32. On or about January 22, 2020, Defendant John Doe #3 a/k/a Robert R., a Yelp.com user, with the username "Robert R." ("Defendant John Doe #3) directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-9?hrid=N3xJVECus6h-oBxRHDQmzA&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct))  (the **"Third Defamatory Review"**).

33. Specifically, the Third Defamatory Review stated as follows:

**Mirza is a hack. Works out of gym bags in some back end storage room that was sketchy and dirty.** Felt like we were filming a porno. **The man threatened to sue me after I showed skepticism**. "I WilL mAkE tHeM aLl cRy" yeah ok sue me then, you smell like shit and **your botox is fake. Stop scamming people**.

**And PS, fillers and other aesthetic products need to be refrigerated, not kept in your son's basketball duffel collection**, you dumb fuck

(emphasis added.)

34. The Third Defamatory Review is false.  Defendant John Doe #3 directed the dissemination of the Third Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

35. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

8

36. Upon information and belief, Defendant John Doe #3 published the Third Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Third Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients— all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

37. It is not possible that Plaintiffs engaged in the conduct alleged in the Third Defamatory Review because Plaintiffs operate out of different commercial office spaces for the convenience of their patients. Plaintiffs take all measures to ensure a sanitary practice. Further, Plaintiffs do no use fake Botox and always use all authentic products. Finally, Plaintiffs follow temperature guidelines from the products' companies and always have a refrigerator on site.

38. Accordingly, the Third Defamatory Review is undeniably false.

### The Fourth Defamatory Review

39. On or about February 28, 2020, Defendant John Doe #4 a/k/a Zoe C., a Yelp.com user, with the username "Zoe C." ("Defendant John Doe #4") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-new-york?hrid=pDQvIc_0pZ4LGgU_-vt8DA&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct)) (the "Fourth Defamatory Review").

40. Specifically, the Fourth Defamatory Review stated as follows:

> When something seems too good to be true, that's because it is too good to be true. I went to dr mirza cuz of the low prices. **There's a reason the prices are Low that's because filler is diluted**. I have been getting my lips done for 6 years. The filler usually lasts 6 months. **Went to Mirza paid $400 (even tho it was advertises at $350) and within 3 weeks the filler had dissolved**. Within a month my lips were smaller than they were before going to see him.

41. The Fourth Defamatory Review is false.  Defendant John Doe #4 directed the dissemination of the Fourth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

42. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

43. Upon information and belief, Defendant John Doe #4 published the Fourth Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Fourth Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients— all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

44. It is not possible that Plaintiffs engaged in the conduct alleged in the Fourth Defamatory Review because Plaintiffs do not dilute the products used on their patients. Further, Plaintiffs always are fully informed of the price of their services before payment is due.

45. Accordingly, the Fourth Defamatory Review is undeniably false.

**The Fifth Defamatory Review**

46. On or about March 20, 2020, Defendant John Doe #5 a/k/a Caroline P., a Yelp.com user, with the username "Caroline P." ("Defendant John Doe #5) directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-9?hrid=lZyk8iz4r8aNO6LXTXPlNg&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct))  (the **"Fifth Defamatory Review"**).

47. Specifically, the Fifth Defamatory Review stated as follows:

If I can give this place a 0 I would!! Shame on you. Shame on this establishment!! We are in a state of national emergency and **this imposter of a doctor** is posting ads on Instagram to lure clients in for 50% Botox.  Shame on you!!!!!! Money comes and goes but you only have one life!!!!!!

(emphasis added.)

48. The Fifth Defamatory Review is false.  Defendant John Doe #5 directed the

dissemination of the Fifth Defamatory Review in such a fashion that no reasonable person would

believe that the statements made therein were opinion, but rather statements of fact about

Plaintiffs.

49. The above statements are knowingly and materially false, and were made to defame

Plaintiffs.

50. Upon information and belief, Defendant John Doe #5 published the Fifth Defamatory

Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue

as the statements in the Fifth Defamatory Review bear directly on Plaintiffs' services,

professional capabilities, business practices, professional hygiene and treatment of their clients—

all key aspects of Plaintiffs' business and factors that any patient considers before choosing to

see a doctor.

51. It is not possible that Plaintiffs engaged in the conduct alleged in the Fifth Defamatory

Review because Plaintiff Dr. Mirza is a licensed medical doctor.

52. Accordingly, the Fifth Defamatory Review is undeniably false.

## The Sixth Defamatory Review

53. On or about August 6, 2020, Defendant John Doe #6 a/k/a Yelena P., a Yelp.com user,

with the username "Yelena P." ("Defendant John Doe #6") directed the authoring of a harassing

and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet

at https://www.yelp.com/biz/mirza-aesthetics-new-york-

9?hrid=SJyIAEe7D5nwtjsC9PpQtg&utm_campaign=www_review_share_popup&utm_medium

=copy_link&utm_source=(direct))  (the **"Sixth Defamatory Review"**).

54. Specifically, the Sixth Defamatory Review stated as follows:

**Pop-up quack doctor** who will gladly botch up your face and have you pay for it. Yes the price sounds enticing, **but saline doesn't cost that much and air is free...coz thats what you'll be getting. Hell, you might be getting pumped full of windex for all you know!**
Also, if you think that an internist has the same skill set as a dermatologist/plastic surgeon/neurologist, think again!!!!
He completely misplaced the lip filler that resulted in severe granulomas. "Botox" wore of within 5 weeks, but not before bunching up a muscle and giving my forehead a horn appearance.
So if you enjoy looking disfigured, you found your perfect **"doctor"**. And for people who are not into looking like a sideshow circus freaks: AVOID HIM LIKE A PLAGUE!!!!!

(emphasis added.)

55. The Sixth Defamatory Review is false.  Defendant John Doe #6 directed the

dissemination of the Sixth Defamatory Review in such a fashion that no reasonable person would

believe that the statements made therein were opinion, but rather statements of fact about

Plaintiffs.

56. The above statements are knowingly and materially false, and were made to defame

Plaintiffs.

57. Upon information and belief, Defendant John Doe #6 published the Sixth Defamatory

Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue

as the statements in the Sixth Defamatory Review bear directly on Plaintiffs' services,

professional capabilities, business practices, professional hygiene and treatment of their clients—

all key aspects of Plaintiffs' business and factors that any patient considers before choosing to

see a doctor.

58. It is not possible that Plaintiffs engaged in the conduct alleged in the Sixth Defamatory Review because Plaintiff Dr. Mirza is a licensed medical professional. Plaintiffs only use authentic products on their patients and do not inject just "saline" and "air" nor do Plaintiffs inject their patients with Windex.

59. Accordingly, the Sixth Defamatory Review is undeniably false.

### The Seventh Defamatory Review

60. On or about June 23, 2020, Defendant John Doe #7 a/k/a Lana W., a Yelp.com user, with the username "Lana W." ("Defendant John Doe #7") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-6?hrid=UgoMOrR0K5hGGux40RCjBQ&utm_campaign=www_review_share_popup&utm_med ium=copy_link&utm_source=(direct))  (the **"Seventh Defamatory Review"**).

61. Specifically, the Seventh Defamatory Review stated as follows:

Dr. Mirza is the worst medical spa doctor that there is. No matter how pretty you are he will make you feel good imperfect and that you need to buy more services. I came in for threading, but left with fillers and kybella. **He is a crook**, most doctors that I go to for rejuvenation treatments never suggest procedures on top of the one that I'm getting because I'm on the younger side. Dr. Mirza will make women in their late 20s and women in their thirties think that their face is hanging off and they must spend a bunch of money and if they don't Dr. Mirza will make them think they are aging at a rapid pace. **He is a complete con artist.** From the real reviews(the negative ones) that I have read everyone complains about the same stuff: **it's dirty, he's fast, rude, intimidates you to upsell**- which is horrible because many of his clients are insecure about their women, and **he dilutes his injectables.** We honestly have no idea how long he had his products. **They are probably counterfeit. It's also sketchy that he basically does "pop ups" in locations and is never anywhere to be found.** I never want this man touching my face. He made me get kybella when at the time I was very thin and had a great jawline- he intimidated me by telling me that my skin was starting to sag. Once I told my friends and **a real doctor** they assured me that I never needed that done.

(emphasis added.)

62. The Seventh Defamatory Review is false.  Defendant John Doe #7 directed the dissemination of the Seventh Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

63. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

64. Upon information and belief, Defendant John Doe #7 published the Seventh Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Seventh Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients— all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

65. It is not possible that Plaintiffs engaged in the conduct alleged in the Seventh Defamatory Review because Plaintiff Dr. Mirza is a licensed medical professional who operates a legitimate business. Further, Plaintiffs also ensure that the practice engages in necessary procedures to ensure a sanitary practice. Plaintiff Dr. Mirza does not intimidate his patients to buy more product nor does he dilute the product purchased by the client. He also does not use counterfeit products, but only uses authentic products. Plaintiffs operate out of different commercial office spaces for the convenience of their patients. Plaintiffs also have a primary office location that they can be reached at, along with an office phone number and email address. Accordingly, the Seventh Defamatory Review is undeniably false.

**The Eighth Defamatory Review**

66. On or about July 23, 2020, Defendant John Doe #8 a/k/a Zin N., a Yelp.com user, with the username "Zin N." ("Defendant John Doe #8") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-9?hrid=q5bxT1zhRhKEZhTVlBsJJQ&utm_campaign=www_review_share_popup&utm_mediu m=copy_link&utm_source=(direct))  (the **"Eighth Defamatory Review"**).

67. Specifically, the Eighth Defamatory Review stated as follows:

I wish i could give -1 star . Did nose filler with him like a few months ago and it was alr gone by 1 months or two . And he is very unprofessional. Save your money . **Do not let him eat your money** . Go to somewhere else .

(emphasis added.)

68. The Eighth Defamatory Review is false.  Defendant John Doe #8 directed the dissemination of the Eighth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

69. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

70. Upon information and belief, Defendant John Doe #8 published the Eighth Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Eighth Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients— all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

71. It is not possible that Plaintiffs engaged in the conduct alleged in the Eighth Defamatory Review because Plaintiffs are not engaged in the practice of theft or embezzlement.

72. Accordingly, the Eighth Defamatory Review is undeniably false.

**The Ninth Defamatory Review**

73. On or about August 20, 2020, Defendant John Doe #9 a/k/a Carly D., a Yelp.com user, with the username "Carly D." ("Defendant John Doe #9") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-6?hrid=R-5xV81g48755lZxaODRMA&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct))  (the **"Ninth Defamatory Review," collectively with the First Defamatory Review, the Second Defamatory Review, the Third Defamatory Review, the Fourth Defamatory Review, the Fifth Defamatory Review, the Sixth Defamatory Review, the Seventh Defamatory Review and the Eighth Defamatory Review, the "Defamatory Reviews"**).

74. Specifically, the Ninth Defamatory Review stated as follows:

> I would give him zero stars if I could. **He does not use full syringe and price gauges** even though it's a "50%" off flash sale. **He waters down his fillers and your results disappear in a couple of days.** He should not be practicing at all and **needs to be held accountable for his fraudulent practices.**

(emphasis added.)

75. The Ninth Defamatory Review is false.  Defendant John Doe #9 directed the dissemination of the Ninth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

76. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

77. Upon information and belief, Defendant John Doe #9 published the Ninth Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Ninth Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients— all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

78. It is not possible that Plaintiffs engaged in the conduct alleged in the Ninth Defamatory Review because Plaintiffs inject each of their patients with the full amount of product that they paid for. Plaintiffs do no price gauge. Plaintiffs do not water down the fillers they inject and do not engage in fraudulent practices as Plaintiff Dr. Mirza is a licensed medical professional who operates a legitimate business.

79. Accordingly, the Ninth Defamatory Review is undeniably false.

## **Damage to Plaintiffs' Reputations and Business**

80. Plaintiffs have and continue to have contractual relationships with their patients, customers and vendors.

81. Defendants scripted and caused to be disseminated the above statements in order to interfere with Plaintiffs' contractual relationships with its patients, customers and vendors, and upon information and belief, to injure Plaintiffs' business by inducing Plaintiffs' patients, customers and vendors and prospective patients to cease doing business with Plaintiffs.

82. Upon information and belief, as a direct and proximate result of Defendants' defamatory conduct described herein, a number of Dr. Mirza's patients (or prospective patients) have refused to start and/or continue business with Plaintiffs.

83. While Plaintiffs' business perseveres, Defendants' campaign to defame and injure Plaintiffs have caused their patients significant concern about the propriety of Plaintiffs' medical practice, such that the trend of fewer patients is likely and the risk of losing patients is tangible. Without patients, Plaintiffs will have no business. This damage is in addition to the permanent and irreparable harm to Plaintiff Dr. Mirza's professional and personal reputations that Defendants' defamatory conduct has caused (and will continue to cause unless enjoined).

## FIRST CAUSE OF ACTION
### [Defamation Per Se and Trade Libel]

84. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 83 as though fully set forth herein.

85. Defendants have intentionally made knowingly false statements of fact about Plaintiffs via the Defamatory Review.

86. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' business and reputation.

87. The aforementioned statements were false when made and Defendants knew or should have known that the statements were false when made.

88. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' personal and professional reputation. The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of the Plaintiffs.

89. The aforementioned statements where made of and concerning Plaintiffs, and were so understood by those who read Defendants' publication of them.

90. Among other statements, Defendants falsely accused Plaintiffs of using counterfeit products.

91. Defendants' false statements of fact tend to injure Plaintiffs in their business trade and/or profession.

92. These statements were false, and were published to third parties in this county and across the Internet.

93. As a result of Defendants' acts, Plaintiffs have suffered irreparable damage to its reputation and further damages in the form of lost sales and profits, in an amount to be determined at trial.

94. As a result of the willful and malicious nature of the defamation, Plaintiffs are entitled to punitive damages.

## SECOND CAUSE OF ACTION
### [Tortious Interference with Contractual Relations and Prospective Contractual Relations]

95. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 94 as though fully set forth herein.

96. Plaintiffs had existing contracts with Plaintiffs' patients, customers and vendors and prospective patients, and reasonably expected that its contractual relationship these would continue into the future.

97. Defendants knew of Plaintiffs' contracts.

98. By the wrongful conduct described above, Defendants intentionally and improperly interfered with Plaintiffs' contracts with Plaintiffs' patients, customers and vendors and

prospective patients, and did so with the intent and purpose of damaging Plaintiffs' business and reputation.

99. Defendants' interference caused Plaintiffs' patients, customers and vendors and prospective patients confusion and to cease doing business with Plaintiffs.

100.      As a result of Defendants' actions, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

101.      Plaintiffs have also suffered and will continue to suffer irreparable harm in the form of damage to their reputations as a result of Defendants' conduct described herein.

102.      While an award of damages may be adequate to compensate Plaintiffs for the loss of particular contracts or patients, an award of damages will not be adequate to compensate Plaintiffs for the damage to their reputations caused by Defendants.  Plaintiffs have suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants awarding Plaintiffs:

1.      a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from disparaging or otherwise posting defamatory comments about Plaintiffs;

2.      an Order at the conclusion of the present matter directing Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiffs' reputation;

3.      an Order at the conclusion of the present matter directing Defendants to remove the Defamatory Reviews;

4.      actual damages in an amount to be determined at trial, due to commercial defamation per

se and trade libel, and an order directing Defendants and their respective agents, servants,

employees, successors and assigns, and all other persons acting in concert with or in

conspiracy with or affiliated with Defendants, to remove, delete, or otherwise disable

such posts;

5.      exemplary or punitive damages in an amount appropriate to punish Defendants and to

make an example of Defendants to the community;

6.      actual damages in an amount to be determined at trial, but in no event less than $100,000,

due to common law tortious interference;

7.      attorney's fees and costs as permitted by law; and

8.      such other relief as the Court deems just and equitable under the circumstances.


Dated:       Brooklyn, New York
             November 23, 2020

                                    Respectfully submitted,

                                    **Lewis & Lin, LLC**


                                      /s/ David D. Lin
                                    David D. Lin (DL-3666)
                                    Lauren Valli (LV-7672)
                                    81 Prospect Street, Suite 8001
                                    Brooklyn, NY 11201
                                    David@ilawco.com
                                    Lauren@ilawco.com
                                    Tel. (718) 243-9323
                                    Fax: (718) 243-9326

                                    *Attorneys for Plaintiffs*