# LEWIS & LIN LLC

Brett E. Lewis 81 Prospect Street, Suite 8001
David D. Lin Brooklyn, NY 11201

Michael Cilento Tel: (718) 243-9323
Roberto Ledesma Fax: (718) 243-9326
Justin Mercer
Lauren Valli www.iLawco.com

Writer's email: david@iLawco.com

December 7, 2020

**VIA ECF**
Hon. Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

*Dr. Muhammad Mirza and Allied Medical and Diagnostic Services, LLC*
*v. John Doe #1 et al.*, Civil Action No. 1:20-cv-09877-PGG

Dear Judge Gardephe:

I am counsel for Dr. Muhammad Mirza and Allied Medical Diagnostic Services, LLC ("Plaintiffs") and write pursuant to Local Civil Rule 37.2 to request leave to conduct expedited discovery prior to the conference required by Federal Rule of Civil Procedure 26. Such discovery would be aimed at identifying Defendant John Does #1-9 ("Defendants").

**FACTUAL BACKGROUND**

On November 23, 2020, Plaintiffs brought this action for recovery for defamation and tortious interference with contract based on the unlawful publication in this District of false and misleading, disparaging and defamatory statements regarding Plaintiffs by Defendants, individuals whose names have not yet been determined.

Defendants created, or caused to be created, false and defamatory "reviews" about Plaintiff on the website Yelp.com (the "Defamatory Reviews"), hijacking Plaintiffs' own commercial advertising to create negative ads that denigrate Plaintiffs' business and character. Defendants' Defamatory Review remain active and upon information and belief, viewed by thousands of visitors each day. As a result of Defendants' misconduct, Plaintiffs have been and continue to be substantially and irreparably harmed *See* Compl. at ¶ 3.

LEWIS & LIN LLC

The Defamatory Reviews do not provide contact information for Defendants. Further, in our firm's dealings with Yelp.com, it has and continues to refuse to provide contact information for its customers without a subpoena.

Plaintiffs therefore seek leave to serve third-party subpoenas pursuant to Federal Rule of Civil Procedure 45 in order to identify Defendants. Plaintiffs believe that Yelp.com and additional third parties, such as the Defendants' internet service providers and email service providers, have information and/or documents in their possession, custody or control which positively identify the Defendants.

## ARGUMENT

I. **The Court has Jurisdiction over Plaintiffs' Claims and Defendants**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, as Defendants, upon information and belief, reside in the State of New York and Plaintiff Dr. Mirza resides in New Jersey and is the sole member and principal of Plaintiff Allied Medical. *See* Compl. at ¶¶4-8. The amount in controversy exceeds $75,000. *See* Compl. at ¶7.

The Court has personal jurisdiction over the Defendants because, upon information and belief, they are residents of the State of New York and/or committed tortious acts within the State which caused injury to Plaintiffs within the State. *See* Compl. at ¶8. Further, Defendants subjected themselves to jurisdiction by invoking the benefits and protections of this State in an attempt to cause harm within the State. Defendants' Defamatory Review specifically targeted and identified Plaintiffs and have caused injury to property within the State. *See* Compl. at ¶¶3, 5, 8.

Plaintiffs have been personally aggrieved by Defendants' publication of multiple false and misleading statements which were intended to, and have, interfered with Plaintiffs' contractual relationships with its patients, customers, and vendors.

II. **Good Cause Exists to Grant Expedited Discovery to Determine the Identify of the John Doe Defendants**

Generally, Fed. R. Civ. P. 26 requires parties to meet and confer prior to commencing discovery. See Fed. R. Civ. P. 26(d), (f). However, Federal Rule of Civil Procedure 26(d)(1) permits a party to conduct discovery in advance of the conference of parties required by Fed. R. Civ. P. 26(f), "when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); see also, e.g., *New Sensations, Inc. v. John Does 1-32*, 2012 WL 3100816 (S.D.N.Y. July 30, 2012); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990). Courts in this district and others "have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); see *Malibu Media, LLC v. John*

*Does 1-10*, No. 12 Civ. 1146 (JS) (ETB), 2012 WL 1020455, at *1 (E.D.N.Y. Mar. 26, 2012); *Pearson Educ., Inc. v. Doe*, 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012).

    Good cause exists here, as Plaintiffs are unable to uncover the identity of Defendants without issuing a third-party subpoena on Yelp.com or other third-party providers. See *adMarketplace, Inc. v. Tee Support, Inc.*, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) ("Courts . . . have found 'good cause' for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena."); see also *John Wiley & Sons v. John Does 1-22*, 2013 WL 1091315, at *5 (S.D.N.Y. March 15, 2013) ("There is good cause to grant expedited discovery in the instant matters because [plaintiff] has alleged a prima facie case of copyright infringement and it cannot identify the John Does without a court ordered subpoena."); *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. July 31, 2012). Where a plaintiff has a potentially meritorious claim and no ability to enforce it, courts have found good cause for expedited discovery. See, e.g., *Digital Sin*, 279 F.R.D. at 241. Plaintiffs are unable to obtain redress absent immediate and limited discovery. The good cause standard has been met.

    Plaintiffs have established the required prima facie case of defamation and tortious interference with contracts. In order to make a prima facie case for defamation under New York law, a plaintiff must show "1) a false and defamatory statement of and concerning the plaintiff; 2) publication by defendant of such a statement to a third party; 3) fault on part of the defendant; and 4) injury to plaintiff." *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), aff'd, 29 F. App'x 676 (2d Cir. 2002). Plaintiffs have alleged evidence that Defendants are publishing false statements to third parties accusing Dr. Mirza of, *inter alia*, being a fake doctor and using fake products. *See* Compl. at ¶¶47, 33. Plaintiffs have further alleged evidence that as a direct and proximate result of Defendants' defamatory conduct, that upon information and belief, Dr. Mirza's patients or prospective patients have refused to start and/or continue to do business with Plaintiffs. *See* Compl. at ¶82.

## **CONCLUSION**

    Without leave to conduct expedited discovery, Plaintiffs have no way to prevent Defendants from continuing his or her defamatory and harmful activity. Accordingly, Plaintiffs ask the Court for leave to conduct expedited discovery as necessary to learn the identities and contact information for Defendants. This will permit the Plaintiffs to amend the Complaint and serve the identified Defendants.

                                                    Respectfully submitted,

                                                   David D. Lin