DAVID D. LIN (DL-3666)
LAUREN VALLI (LV-7672)
**LEWIS & LIN, LLC**
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
David@iLawco.com
Lauren@iLawco.com

*Counsel for Plaintiffs*

DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> JOHN DOE #1 a/k/a John D., a Yelp.com user, JOHN DOE #2 a/k/a Elizabeth M., a Yelp.com user, JOHN DOE #3 a/k/a Robert R. a Yelp.com user, JOHN DOE #4 a/k/a Zoe C., a Yelp.com user, JOHN DOE #5 a/k/a Caroline P., a Yelp.com user, JOHN DOE #6 a/k/a Yelena P., a Yelp.com user, JOHN DOE #7 a/k/a Lana W., a Yelp.com user, JOHN DOE #8 a/k/a Zin N., a Yelp.com user, JOHN DOE #9 a/k/a Carly D., a Yelp.com user, <br><br> *Defendants.* | Case No. 1:20-cv-09877-PGG-KNF |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**<u>MOTION FOR EXPEDITED DISCOVERY</u>**

## **TABLE OF CONTENTS**

PROCEDURAL HISTORY ................................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 2

ARGUMENT ......................................................................................................................... 7

    A.    The Court has Jurisdiction over Plaintiffs' Claims and Defendants .................................. 7

    B.    Good Cause Exists to Grant Expedited Discovery to Determine the Identity of the John Doe Defendants ................................................................................................................ 8

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Cases

*adMarketplace, Inc. v. Tee Support, Inc.*, No. 13 Civ. 5635 (LGS), 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013) ................................................................................................................. 9

*Ayyash v. Bank Al-Madina,* 233 F.R.D. 325 (S.D.N.Y. 2005) ....................................................... 8

*Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012) ............................................. 8, 9

*Idema v. Wager*, 120 F. Supp. 2d 361 (S.D.N.Y. 2000), aff'd, 29 F. App'x 676 (2d Cir. 2002) ... 9

*John Wiley & Sons v. John Does 1-22*, No. 12 Civ. 4231 (PAC), 2013 WL 1091315 (S.D.N.Y. March 15, 2013) ..................................................................................................................... 9

*Malibu Media, LLC v. John Does 1-10*, No. 12 Civ. 1146 (JS) (ETB), 2012 WL 1020455 (E.D.N.Y. Mar. 26, 2012) ........................................................................................................ 8

*New Sensations, Inc. v. John Does 1-32*, No. 12 Civ. 3534 (PAE), 2012 WL 3100816 (S.D.N.Y. July 30, 2012) .......................................................................................................................... 8

*Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165 (S.D.N.Y. July 31, 2012) ........ 9

*Pearson Educ., Inc. v. Doe*, No. 12 Civ. 4786 (BSJ) (KNF), 2012 WL 4832816 (S.D.N.Y. Oct. 1, 2012) ....................................................................................................................................... 8

*Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473 (S.D.N.Y. 1990) ... 8

Statutes

28 U.S.C. §1332 ............................................................................................................................ 7

Rules

Fed. R. Civ. P. 26 ...................................................................................................................... 1, 8
Fed. R. Civ. P. 45 ......................................................................................................................... 1
S.D.N.Y. and E.D.N.Y. L. Civ. R. 7.1 .......................................................................................... 2

Plaintiffs Dr. Muhammad Mirza ("Dr. Mirza") and Allied Medical Diagnostic Services, LLC ("Allied Medical," collectively with Dr. Mirza, as "Plaintiffs"), by and through their undersigned counsel, hereby write pursuant to Federal Rule of Civil Procedure 26 to request leave to conduct expedited discovery prior to the conference required by Federal Rule of Civil Procedure 26. Such discovery would be aimed at identifying Defendant John Does #1-9 ("Defendants"). Without leave to conduct expedited discovery, Plaintiffs have no way to prevent Defendants from continuing his or her defamatory and harmful activity.

Defendants created, or caused to be created, false and defamatory "reviews" about Plaintiffs on the website Yelp.com (the "Defamatory Reviews"), hijacking Plaintiffs' own commercial advertising to create negative ads that denigrate Plaintiffs' business and character. Defendants' Defamatory Reviews remain active and upon information and belief, viewed by thousands of visitors each day. As a result of Defendants' misconduct, Plaintiffs have been and continue to be substantially and irreparably harmed. *See* Compl. at ¶ 3. The Defamatory Reviews do not provide contact information for Defendants. Further, in our firm's prior dealings with Yelp.com, it refuses to provide contact information for its users without a subpoena.

Plaintiffs therefore seek leave to serve third-party subpoenas pursuant to Federal Rule of Civil Procedure 45 in order to identify Defendants. Plaintiffs believe that Yelp.com along with additional third parties, such as the Defendants' internet service providers and email service providers, have information and/or documents in their possession, custody or control which positively identify the Defendants.

## PROCEDURAL HISTORY

On November 23, 2020, Plaintiffs brought this action for recovery for defamation and tortious interference with contract based on the unlawful publication in this District of false and

misleading, disparaging and defamatory statements regarding Plaintiffs by Defendants, individuals whose names have not yet been determined. (the "Complaint"); *see* ECF Doc. No. 1.

On December 7, 2020, Plaintiffs submitted a letter motion to this Court to request leave to conduct expedited discovery. *See* ECF Doc. 5. On December 9, 2020, this Court ordered that while Plaintiffs did not make a pre-motion conference request, no conference needed to be held and ordered Plaintiffs to make a formal motion, in accordance with Local Civil Rule 7.1(a) of this Court, for the relief sought through its December 7 letter motion. *See* ECF Doc. 7.

## FACTUAL BACKGROUND

Dr. Mirza is a medical doctor, board-certified in internal medicine and licensed in the states of New York and New Jersey. *See* Compl. at ¶ 4. Dr. Mirza is not a public official and not a public figure. *Id*. Dr. Mirza operates a successful and respected medical practice, Plaintiff Allied Medical. *See* Compl. at ¶ 10.

As part of Dr. Mirza's medical practice, he offers injections of Botulinum toxin A, commonly known as "Botox," manufactured by Allergen PLC, along with cosmetic treatments using other products. *See* Compl. at ¶ 14. As with many cosmetic treatments, patients sometimes find that the results of their procedures do not live up to their expectations. *See* Compl. at ¶ 16. While most of Plaintiffs' patients have shared their opinions in a lawful and reasonable manner, a handful of disgruntled patients who have undergone cosmetic procedures have chosen to voice false and defamatory accusations on Yelp.com. *See* Compl. at ¶ 17.

On or about November 21, 2019, Defendant John Doe #1 a/k/a John D., a Yelp.com user ("Defendant John Doe #1), with the username "John D." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com ("the First Defamatory Review"). *See* Compl. at ¶ 18; *see also* the Declaration of Dr. Muhammad Mirza, ¶ 5, dated February 16, 2021

(the "Mirza Decl."). Details regarding the First Defamatory Review are provided at Compl. at ¶¶ 18-9. John Doe #1 falsely portrayed Dr. Mirza as "a scam", "a troll artist" and "may be autistic" and "little crazy in the head" in the First Defamatory Review. *Id*. It is not possible that Plaintiffs engaged in the alleged conduct because Dr. Mirza operates a legitimate business that does not operate scams nor does he purposely make offensive statements online to get attention or to harm someone else. *See* Compl. at ¶ 23; *see* Mirza Decl. at ¶ 5. Further, Dr. Mirza has never been diagnosed as autistic or with any mental health condition. *Id*.; *see* Mirza Decl. at ¶ 5.

On or about December 26, 2019, Defendant John Doe #2 a/k/a Elizabeth M. ("Defendant John Doe #2"), with the username "Elizabeth M." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com ("the Second Defamatory Review"). *See* Compl. at ¶ 25; *see also* Mirza Decl. at ¶ 6. Details regarding the Second Defamatory Review are provided at Compl. at ¶¶ 25-6. In the Second Defamatory Review, John Doe #2 falsely commented that Dr. Mirza gave her wrong product, failed to follow any sanitary procedures, and failed to ask or explain anything to the patient. *Id*. It is not possible that Plaintiffs engaged in the conduct alleged in the Second Defamatory Review because Plaintiffs take measures to ensure a sanitary practice. *See* Mirza Decl. at ¶ 6; Compl. at ¶ 30. Plaintiffs and their employees always act in a professional manner. *Id*. Dr. Mirza is a licensed medical professional who has many years of experience in cosmetic treatments. *Id*. Dr. Mirza always ensures that the correct product is used and the amount of product that is paid for. *Id*. Dr. Mirza also ensures that a patient can ask any questions or express any concerns before, during and after the procedure. Plaintiffs only use authentic products. *Id*.

On or about January 22, 2020, Defendant John Doe #3 a/k/a Robert R., a Yelp.com user, with the username "Robert R." ("Defendant John Doe #3) directed the authoring of a harassing

3

and defamatory user review of Plaintiffs on Yelp.com ("the Third Defamatory Review"). *See* Compl. at ¶ 32; *see also* Mirza Decl. at ¶ 7. Details regarding the Third Defamatory Review are provided at Compl. at ¶¶ 32-3. In the Third Defamatory Review, John Doe #3 falsely commented that Dr. Mirza worked "out of gym bags in some back end storage room that was sketchy and dirty," used fake Botox, and failed to refrigerate cosmetic products. *Id*. It is not possible that Plaintiffs engaged in the conduct alleged in the Third Defamatory Review because Plaintiffs operate out of different commercial office spaces for the convenience of their patients. *See* Compl. at ¶ 36; Mirza Decl. at ¶ 7. Plaintiffs take all measures to ensure a sanitary practice. *Id*. Further, Plaintiffs do no use fake Botox and always use all authentic products. *Id*. Finally, Plaintiffs follow temperature guidelines from the products' companies and always have a refrigerator on site. *See* Compl. at ¶ 36.

On or about February 28, 2020, Defendant John Doe #4 a/k/a Zoe C., a Yelp.com user, with the username "Zoe C." ("Defendant John Doe #4") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Fourth Defamatory Review"). *See* Compl. at ¶ 39; *see also* Mirza Decl. at ¶ 8. Details regarding the Fourth Defamatory Review are provided at Compl. at ¶¶ 39-40. In the Fourth Defamatory Review, John Doe #4 falsely commented that at Dr. Mirza's practice "filler is diluted" and he/she paid more money than Dr. Mirza advertised. *Id*. It is not possible that Plaintiffs engaged in the conduct alleged in the Fourth Defamatory Review because Plaintiffs do not dilute the products used on their patients. *See* Compl. at ¶ 44; Mirza Decl. at ¶ 8. Further, Plaintiffs always inform its clients the price of their services before payment is due.[1] *Id*.

---

[1] The Complaint inadvertently states that "Plaintiffs always are fully informed of the price of their services before payment is due," which will be corrected when an amended complaint naming the John Does is filed.

4

On or about March 20, 2020, Defendant John Doe #5 a/k/a Caroline P., a Yelp.com user, with the username "Caroline P." ("Defendant John Doe #5) directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Fifth Defamatory Review"). *See* Compl. at ¶ 46; Mirza Decl. at ¶ 9. Details regarding the Fifth Defamatory Review are provided at Compl. at ¶¶ 46-7. In the Fifth Defamatory Review, John Doe #5 falsely stated Dr. Mirza as "imposter of a doctor." *Id*. It is not possible that Plaintiffs engaged in the conduct alleged in the Fifth Defamatory Review because Dr. Mirza is a licensed medical doctor. *See* Compl. at ¶ 51; Mirza Decl. at ¶ 9.

On or about August 6, 2020, Defendant John Doe #6 a/k/a Yelena P., a Yelp.com user, with the username "Yelena P." ("Defendant John Doe #6") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Sixth Defamatory Review"). *See* Compl. at ¶ 53; *see also* Mirza Decl. at ¶ 10. Details regarding the Sixth Defamatory Review are provided at Compl. at ¶¶ 53-4. In the Sixth Defamatory Review, John Doe #6 falsely stated that Dr. Mirza is a "[p]op-up quack doctor" using "saline," "air," and "Windex" instead of authentic products. *Id*. It is not possible that Plaintiffs engaged in the conduct alleged in the Sixth Defamatory Review because Dr. Mirza is a licensed medical professional. *See* Mirza Decl. at ¶ 10; Compl. at ¶ 58. Plaintiffs only use authentic products on their patients and do not inject just "saline" and "air" nor do Plaintiffs inject their patients with Windex. *Id*.

On or about June 23, 2020, Defendant John Doe #7 a/k/a Lana W., a Yelp.com user, with the username "Lana W." ("Defendant John Doe #7") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Seventh Defamatory Review"). *See* Compl. at ¶ 60; *see also* Mirza Decl. at ¶ 11. Details regarding the Seventh Defamatory Review are provided at Compl. at ¶¶ 60-1. In the Seventh Defamatory Review, John Doe #7 falsely

stated that Dr. Mirza is a "crook" and a "con artist" who "dilutes his injectables" and used "counterfeit" products. *Id*. John Doe #7 also falsely stated that Dr. Mirza "pop ups" in locations and "is never anywhere to be found." *Id*. It is not possible that Plaintiffs engaged in the conduct alleged in the Seventh Defamatory Review because Dr. Mirza is a licensed medical professional who operates a legitimate business. *See* Compl. at ¶ 65; *see also* Mirza Decl. at ¶ 11. Further, Plaintiffs also ensure that the practice engages in necessary procedures to ensure a sanitary practice. *Id*. Dr. Mirza does not intimidate his patients to buy more product nor does he dilute the product purchased by the client. *Id*. He also does not use counterfeit products, but only uses authentic products. *Id*. Plaintiffs operate out of different commercial office spaces for the convenience of their patients. *Id*. Plaintiffs also have a primary office location that they can be reached at, along with an office phone number and email address. *Id*.

On or about July 23, 2020, Defendant John Doe #8 a/k/a Zin N., a Yelp.com user, with the username "Zin N." ("Defendant John Doe #8") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Eighth Defamatory Review"). *See* Compl. at ¶ 66; *see* Mirza Decl. at ¶ 12. Details regarding the Eighth Defamatory Review are provided at Compl. at ¶¶ 66-7. In the Eighth Defamatory Review, John Doe #8 commented that "[d]o not let him eat your money." *Id.* It is not possible that Plaintiffs engaged in the conduct alleged in the Eighth Defamatory Review because Plaintiffs are not engaged in the practice of theft or embezzlement. *See* Compl. at ¶ 71; *see* Mirza Decl. at ¶ 12.

On or about August 20, 2020, Defendant John Doe #9 a/k/a Carly D., a Yelp.com user, with the username "Carly D." ("Defendant John Doe #9") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Ninth Defamatory Review"). *See* Compl. at ¶ 73; *see* Mirza Decl. at ¶ 13. Details regarding the Ninth Defamatory Review are

provided at Compl. at ¶¶ 73-4. In the Ninth Defamatory Review, John Doe #9 falsely accused Dr. Mirza for "not us[ing] full syringe and price gauges" and "water[ing] down his fillers…" *Id.* It is not possible that Plaintiffs engaged in the conduct alleged in the Ninth Defamatory Review because Plaintiffs inject each of their patients with the full amount of product that they paid for. *See* Compl. at ¶ 78; *see* Mirza Decl. at ¶ 13. Plaintiffs do no price gouge. *Id*. Plaintiffs do not water down the fillers they inject and do not engage in fraudulent practices as Dr. Mirza is a licensed medical professional who operates a legitimate business. *Id*.

Plaintiff have been and continue to be substantially and irreparably harmed. *See* Compl. at ¶ 3. Upon information and belief, as a direct and proximate result of Defendants' defamatory conduct described herein, a number of Dr. Mirza's patients (or prospective patients) have refused to start and/or continue business with Plaintiffs. *See* Compl. at ¶ 81-2.

## ARGUMENT

### A. The Court has Jurisdiction over Plaintiffs' Claims and Defendants

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." 28 U.S.C. §1332 (a)(1). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, as Defendants, upon information and belief, reside in the State of New York and Plaintiff Dr. Mirza resides in New Jersey and is the sole member and principal of Plaintiff Allied Medical. *See* Compl. at ¶¶4-8. The amount in controversy exceeds $75,000. *See* Compl. at ¶7.

The Court has personal jurisdiction over the Defendants because, upon information and belief, they are residents of the State of New York and/or committed tortious acts within the State which caused injury to Plaintiffs within the State. *See* Compl. at ¶8. Upon information and

belief, and according to their Yelp.com profiles, none of the Defendants are citizens of New Jersey. *See* Compl. at ¶6; *see* Mirza Decl. at ¶5. All of the Defendants posted their comments on the Yelp pages that provide New York locations for Plaintiffs' business. *See* Mirza Decl. at ¶6. Further, Defendants subjected themselves to jurisdiction by invoking the benefits and protections of this State in an attempt to cause harm within the State. Defendants' Defamatory Review specifically targeted and identified Plaintiffs and have caused injury to property within the State. *See* Compl. at ¶¶3, 5, 8.

Plaintiffs have been personally aggrieved by Defendants' publication of multiple false and misleading statements which were intended to, and have, interfered with Plaintiffs' contractual relationships with its patients, customers, and vendors.

### B. Good Cause Exists to Grant Expedited Discovery to Determine the Identity of the John Doe Defendants.

Generally, Fed. R. Civ. P. 26 requires parties to meet and confer prior to commencing discovery. *See* Fed. R. Civ. P. 26(d), (f). However, Federal Rule of Civil Procedure 26(d)(1) permits a party to conduct discovery in advance of the conference of parties required by Fed. R. Civ. P. 26(f), "when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *see also*, e.g., *New Sensations, Inc. v. John Does 1-32*, No. 12 Civ. 3534 (PAE), 2012 WL 3100816 (S.D.N.Y. July 30, 2012); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990). Courts in this district and others "have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); *see Malibu Media, LLC v. John Does 1-10*, No. 12 Civ. 1146 (JS) (ETB), 2012 WL 1020455, at *1

(E.D.N.Y. Mar. 26, 2012); *Pearson Educ., Inc. v. Doe*, No. 12 Civ. 4786 (BSJ) (KNF), 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012).

Good cause exists here, as Plaintiffs are unable to uncover the identity of Defendants without issuing a third-party subpoena on Yelp.com or other third-party providers. *See adMarketplace, Inc. v. Tee Support, Inc.*, No. 13 Civ. 5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) ("Courts . . . have found 'good cause' for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena."); *see also John Wiley & Sons v. John Does 1-22*, No. 12 Civ. 4231 (PAC), 2013 WL 1091315, at *5 (S.D.N.Y. March 15, 2013) ("There is good cause to grant expedited discovery in the instant matters because [plaintiff] has alleged a prima facie case of copyright infringement and it cannot identify the John Does without a court ordered subpoena."); *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. July 31, 2012). Where a plaintiff has a potentially meritorious claim and no ability to enforce it, courts have found good cause for expedited discovery. *See, e.g.*, *Digital Sin*, 279 F.R.D. at 241. Plaintiffs are unable to obtain redress absent immediate and limited discovery. The good cause standard has been met.

Plaintiffs have established the required prima facie case of defamation and tortious interference with contracts. In order to make a prima facie case for defamation under New York law, a plaintiff must show "1) a false and defamatory statement of and concerning the plaintiff; 2) publication by defendant of such a statement to a third party; 3) fault on part of the defendant; and 4) injury to plaintiff." *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), aff'd, 29 F. App'x 676 (2d Cir. 2002). Plaintiffs have alleged evidence that Defendants are publishing false statements to third parties accusing Dr. Mirza of, *inter alia*, being a fake doctor and using

9

fake products. *See* Compl. at ¶¶47, 33. Plaintiffs have further alleged evidence that as a direct and proximate result of Defendants' defamatory conduct, that upon information and belief, Dr. Mirza's patients or prospective patients have refused to start and/or continue to do business with Plaintiffs. *See* Compl. at ¶82.

## CONCLUSION

Accordingly, Plaintiffs ask the Court for leave to conduct expedited discovery as necessary to learn the identities and contact information for Defendants. This will permit the Plaintiffs to amend the Complaint and serve the identified Defendants.

Dated: Brooklyn, New York
February 16, 2021

Respectfully submitted,

LEWIS & LIN, LLC

By: */s/ David D. Lin*

David D. Lin, Esq. (DL-3666)
Lauren Valli, Esq. (LV-7672)
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: david@iLawco.com
lauren@iLawco.com

*Counsel for Plaintiffs*

DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC
SERVICES, LLC