UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DR. MUHAMMAD MIRZA and ALLIED :
MEDICAL AND DIAGNOSTIC
SERVICES, LLC, :

                      Plaintiffs, :

              v. :

JOHN DOE #1 a/k/a John D., a Yelp.com :
user, JOHN DOE #2 a/k/a Elizabeth M.,
a Yelp.com user, JOHN DOE #3 a/k/a :
Robert R. a Yelp.com user, JOHN DOE #4
a/k/a Zoe C., a Yelp.com user, JOHN :
DOE #5 a/k/a Caroline P., a Yelp.com
user, JOHN DOE #6 a/k/a Yelena P., :
a Yelp.com user, JOHN DOE #7 a/k/a
Lana W., a Yelp.com user, JOHN :
DOE #8 a/k/a Zin N., a Yelp.com user,
JOHN DOE #9 a/k/a Carly D., :
a Yelp.com user,
                                                                           :
                   Defendants.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM AND ORDER**

20-cv-9877 (PGG) (KNF)

     Before the Court is the plaintiffs' <u>ex parte</u> motion "for leave pursuant to Federal Rule of Civil Procedure 26 to conduct expedited discovery prior to the conference required by Federal Rule of Civil Procedure 26 on the grounds that such discovery is necessary to identify Defendants John Does #1-9 ('Defendants')." Plaintiffs Dr. Muhammad Mirza ("Mirza") and Allied Medical and Diagnostic Services, LLC ("AMDS") argue that: (1) "the Court has jurisdiction over plaintiffs' claims and defendants"; and (2) "good cause exists to grant expedited discovery to determine the identity of the John Doe defendants."

1

The plaintiffs assert that personal jurisdiction exists over the defendants because, upon information and belief, "none of the Defendants are citizens of New Jersey" and all defendants reside in New York because they "posted their comments on the Yelp pages that provide New York locations for Plaintiffs' business." Moreover, the defendants invoked the benefits and protections of New York "in an attempt to cause harm within the State," by targeting and identifying the plaintiffs and causing harm within New York. The plaintiffs contend that good cause exists to permit expedited discovery because they "are unable to uncover the identity of Defendants without issuing a third-party subpoena on Yelp.com or other third-party providers." The plaintiffs maintain that they established the required prima facie case for defamation under New York law because

> Plaintiffs have alleged evidence that Defendants are publishing false statements to third parties accusing Dr. Mirza of, *inter alia*, being a fake doctor and using fake products. See Compl. at ¶¶47, 33. Plaintiffs have further alleged evidence that as a direct and proximate result of Defendants' defamatory conduct, that upon information and belief, Dr. Mirza's patients or prospective patients have refused to start and/or continue to do business with Plaintiffs. See Compl. at ¶82.

In support of their motion, the plaintiffs submitted Mirza's declaration in which he states that he resides in New Jersey and is the sole member and principal of AMDS, and: (i) "[t]he persons making these posts are believed to be the defendants in the above-captioned action"; (ii) "[u]pon information and belief, and according to their Yelp.com profiles, none of the Defendants are citizens of New Jersey"; (iii) "[a]ll of the Defendants posted their comments on the Yelp pages that provide New York locations for my business"; and (iv) each defendant under a particular user name, "John D.," "Elizabeth M.," "Robert R.," "Zoe C.," "Caroline P.," "Yelena P.," "Lana W.," "Zin N." and "Carly D.," "directed the authoring of a harassing and defamatory user review of Plaintiffs on yelp.com."

## LEGAL STANDARD

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Motions for expedited discovery are assessed "under the flexible standard of reasonableness and good cause, applying particularly careful scrutiny since plaintiff not only seeks expedition, but also moves on an ex parte basis." Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005).

> Cases evaluating subpoenas seeking identifying information from [third-party internet service providers] regarding subscribers who are parties to litigation have considered a variety of factors to weigh the need for disclosure against First Amendment interests. These factors include: (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim, and (5) the party's expectation of privacy.
>
> Sony Music Entm't. Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004) (citations omitted).

## APPLICATION OF LEGAL STANDARD

The plaintiffs assert that they "are unable to uncover the identity of Defendants without issuing a third-party subpoena on Yelp.com or other third-party providers." Although the plaintiffs do not specify in their moving papers that they seek leave to serve subpoenas on third parties, it appears that the plaintiffs seek leave to serve a third-party subpoena on "Yelp.com or other third-party providers." The plaintiffs failed to identify: (a) "other third-party providers"; (b) what "other-party providers" provide; and (c) information the plaintiffs seek to obtain by "issuing a third-party subpoena on Yelp.com or other third-party providers." The plaintiffs did not provide any evidence explaining: (1) who or what "Yelp.com" is; (2) the basis for believing

3

that "Yelp.com" has any information they intend to seek by a third-party subpoena, including any information that may serve to identify the defendants in this action. Mirza states in his declaration that "according to their Yelp.com profiles, none of the Defendants are citizens of New Jersey." Mirza failed to explain what "Yelp.com profiles" are or the basis for his knowledge about "Yelp.com profiles," since he did not identify himself as having any relation to "Yelp.com."

Attached improperly to the plaintiffs' notice of motion is a document styled "[Proposed Order] Granted Plaintiffs' Motion for Leave to Conduct Expedited Discovery Pursuant to Fed. R. Civ. P. 26," indicating the following:

> THIS MATTER, having been opened to the Court by Lewis & Lin, LLC, attorneys for Plaintiffs and for good cause shown;
> IT IS on this _____ day of _____, 2021,
> ORDERED, that Plaintiffs' motion is GRANTED;
> IT IS FURTHER ORDERED that Plaintiffs' may serve third-party subpoenas pursuant to Federal Rule of Civil Procedure 45 in order to identify Defendants.

The plaintiffs' proposal that the Court direct service of "third-party subpoenas . . . in order to identify Defendants" without identifying the information sought and the third-parties sought to be subpoenaed and without providing any evidence explaining who or what the third-parties are or the basis for believing that third parties may have any information concerning the defendants in this action, is rejected as unreasonable. The plaintiffs failed to provide evidentiary support for their self-serving conclusory assertion that they "are unable to uncover the identity of Defendants without issuing a third-party subpoena on Yelp.com or other third-party providers." The Court finds that the plaintiffs did not establish that their request for expedited discovery is reasonable or that good cause exists warranting expedited discovery.

4

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for expedited discovery, Docket Entry No. 8, is denied.

Dated: New York, New York
      June 23, 2021

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE