DAVID D. LIN (DL-3666)
LAUREN VALLI (LV-7672)
**LEWIS & LIN, LLC**
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
David@iLawco.com
Lauren@iLawco.com

*Counsel for Plaintiffs*

DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>JOHN DOE #1 a/k/a John D., a Yelp.com user, JOHN DOE #2 a/k/a Elizabeth M., a Yelp.com user, JOHN DOE #3 a/k/a Robert R. a Yelp.com user, JOHN DOE #4 a/k/a Zoe C., a Yelp.com user, JOHN DOE #5 a/k/a Caroline P., a Yelp.com user, JOHN DOE #6 a/k/a Yelena P., a Yelp.com user, JOHN DOE #7 a/k/a Lana W., a Yelp.com user, JOHN DOE #8 a/k/a Zin N., a Yelp.com user, JOHN DOE #9 a/k/a Carly D., a Yelp.com user,<br><br>*Defendants.* | Case No. 1:20-cv-09877-PGG-KNF |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
<u>MOTION FOR EXPEDITED DISCOVERY</u>**

# TABLE OF CONTENTS

PROCEDURAL HISTORY .................................................................................................... 2

FACTUAL BACKGROUND ................................................................................................. 2

ARGUMENT .......................................................................................................................... 9

    A.    The Court has Jurisdiction over Plaintiffs' Claims and Defendants ................................. 9

    B.    Good Cause Exists to Grant Expedited Discovery to Determine the Identity of the John Doe Defendants. ............................................................................................................ 10

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

Cases

*adMarketplace, Inc. v. Tee Support, Inc.*, No. 13 Civ. 5635 (LGS), 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013) .................................................................................................................. 10

*Ayyash v. Bank Al-Madina,* 233 F.R.D. 325 (S.D.N.Y. 2005) ...................................................... 10

*Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012) ............................................... 10

*Idema v. Wager*, 120 F. Supp. 2d 361 (S.D.N.Y. 2000), aff'd, 29 F. App'x 676 (2d Cir. 2002) . 11

*John Wiley & Sons v. John Does 1-22*, No. 12 Civ. 4231 (PAC), 2013 WL 1091315 (S.D.N.Y. March 15, 2013) .................................................................................................................... 10

*Malibu Media, LLC v. John Does 1-10*, No. 12 Civ. 1146 (JS) (ETB), 2012 WL 1020455 (E.D.N.Y. Mar. 26, 2012) ...................................................................................................... 10

*New Sensations, Inc. v. John Does 1-32*, No. 12 Civ. 3534 (PAE), 2012 WL 3100816 (S.D.N.Y. July 30, 2012) ........................................................................................................................ 10

*Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165 (S.D.N.Y. July 31, 2012) ...... 10

*Pearson Educ., Inc. v. Doe*, No. 12 Civ. 4786 (BSJ) (KNF), 2012 WL 4832816 (S.D.N.Y. Oct. 1, 2012) ....................................................................................................................................... 10

*Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473 (S.D.N.Y. 1990) . 10

Statutes

28 U.S.C. §1332 ........................................................................................................................... 8, 9

Rules

Fed. R. Civ. P. 26 ........................................................................................................................ 1, 9
Fed. R. Civ. P. 45 ............................................................................................................................ 1
S.D.N.Y. and E.D.N.Y. L. Civ. R. 7.1 ............................................................................................ 2

Plaintiffs Dr. Muhammad Mirza ("Dr. Mirza") and Allied Medical Diagnostic Services, LLC ("Allied Medical," collectively with Dr. Mirza, as "Plaintiffs"), by and through their undersigned counsel, hereby write pursuant to Federal Rule of Civil Procedure 26 to request leave to conduct expedited discovery prior to the conference required by Federal Rule of Civil Procedure 26. Such discovery would be aimed at identifying Defendants John Does #1-9 ("Defendants"), who have posted false and defamatory "reviews" about Plaintiffs on the website Yelp.com. Without leave to conduct expedited discovery, Plaintiffs have no way to identify Defendants and prevent them from continuing their defamatory and harmful activity.

Defendants created, or caused to be created, false and defamatory "reviews" about Plaintiffs on the customer review website Yelp.com (the "Defamatory Reviews"), hijacking Plaintiffs' own commercial advertising to create negative ads that denigrate Plaintiffs' business and character. Defendants' Defamatory Reviews remain active and upon information and belief, viewed by thousands of visitors each day. As a result of Defendants' misconduct, Plaintiffs have been and continue to be substantially and irreparably harmed. *See* Compl. at ¶ 3. The Defamatory Reviews do not provide contact information for Defendants. Further, based on Plaintiffs' and their counsel's prior dealings with Yelp.com, it refuses to provide contact information for its users without a subpoena.

Plaintiffs therefore seek leave to serve a third-party subpoena pursuant to Federal Rule of Civil Procedure 45 in order to identify Defendants. Plaintiffs believe that Yelp.com has information and/or documents in their possession, custody or control which positively identify Defendants.

## PROCEDURAL HISTORY

On November 23, 2020, Plaintiffs brought this action for recovery for defamation and tortious interference with contract based on the unlawful publication in this District of false and defamatory statements regarding Plaintiffs by Defendants, individuals whose names have not yet been determined. (the "Complaint"); *see* ECF Doc. No. 1.

On December 7, 2020, Plaintiffs submitted a letter motion to this Court to request leave to conduct expedited discovery. *See* ECF Doc. No. 5. On December 9, 2020, this Court ordered Plaintiffs to make a formal motion, in accordance with Local Civil Rule 7.1(a) for the relief sought through its December 7 letter motion. *See* ECF Doc. No. 7.

Accordingly, on February 16, 2021, Plaintiffs moved for expedited discovery, seeking to serve third-party subpoenas on Yelp.com along with additional third parties, such as Defendants' Internet service providers and email service providers. *See* ECF Doc. Nos. 8, 10. On June 23, 2021, this Court denied Plaintiffs' motion without prejudice for the failure to show good cause for such requested expedited discovery, identifying additional information to be provided by Plaintiffs. *See* ECF Doc. No. 16.  This motion follows.

## FACTUAL BACKGROUND

Dr. Mirza is a medical doctor, board-certified in internal medicine and licensed in the states of New York and New Jersey. *See* Compl. at ¶ 4. Dr. Mirza is not a public official and not a public figure. *Id*. Dr. Mirza operates a successful and respected medical practice, Plaintiff Allied Medical. *See* Compl. at ¶ 10.

As part of Dr. Mirza's medical practice, he offers injections of Botulinum toxin A, commonly known as "Botox," manufactured by Allergen PLC, along with cosmetic treatments using other products. *See* Compl. at ¶ 14. As with many cosmetic treatments, patients sometimes

find that the results of their procedures do not live up to their expectations. *See* Compl. at ¶ 16. While most of Plaintiffs' patients have shared their opinions in a lawful and reasonable manner, a handful of disgruntled patients who have undergone cosmetic procedures have chosen to voice false and defamatory accusations on Yelp.com. *See* Compl. at ¶ 17.

Yelp.com, is a local business review and social networking site. *See* Declaration of Haymant Parmanand dated September 13, 2021 (the "Parmanand Decl."), ¶ 5. The site has pages devoted to individual locations, such as restaurants, stores, and service providers, where Yelp discover and submit reviews to the businesses using a one to five star rating scale. *See id.* In addition to writing reviews, users can react to reviews and directly transact with businesses. *See id.*

Yelp.com collects name, email address, password, and zip code when a user sign up for an account. *See* Parmanand Decl. at ¶ 6. The sign-up process does not require verifying a user's name or address with any identity information. *See id.* at ¶ 9. Upon the creation of an account, Yelp.com provides a profile page for the user, which displays the user's location information and review history among other information. *See* Parmanand Decl. at ¶ 7. The location information is provided by the user, as Yelp.com allows users to freely change their location listed on their account. *See id.*

Users on Yelp.com can use pseudonyms when posting reviews. *See* Parmanand Decl. at ¶ 9. Yelp.com does not verify the names provided by its users, so individuals may provide false names to Yelp.com. *See Id.* Specifically, Yelp.com does not require a user to provide a real name unless for the "Elite Squad" service, which displays a "Elite" badge for qualified users next to their usernames. *See id.* Thus, it is often impossible to know who wrote a particular review based solely on publicly displayed information, especially in this case, where none of the Defendants is

3

an "Elite" user. *See* Parmanand Decl. at ¶ 13. All Defendants' usernames are publicly displayed in the format of "[first name] + [initial of last name]" along with their reviews. *See* Parmanand Decl. at ¶ 9.

According to Yelp.com's privacy policies, Yelp.com does not display users' email addresses or other contact information for public consumption. However, Yelp.com tracks and stores mechanical information about users' activity, including IP address and geolocation information. *See* Parmanand Decl. at ¶ 10. Based on Plaintiffs' and their counsel's prior experiences with Yelp.com, Yelp.com refuses to provide this information to third parties without a subpoena.

On or about November 21, 2019, Defendant John Doe #1 a/k/a John D., a Yelp.com user ("Defendant John Doe #1), with the username "John D." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com ("the First Defamatory Review"). *See* Compl. at ¶ 18; *see also* Declaration of Dr. Muhammad Mirza, ¶ 8, dated September 13, 2021 (the "Mirza Decl."). Details regarding the First Defamatory Review are provided at Compl. at ¶¶ 18-9. John Doe #1 falsely stated that Dr. Mirza was "a scam", "a troll artist" and "may be autistic" and "little crazy in the head" in the First Defamatory Review. *Id*.  John Doe #1's review is false and defamatory because Dr. Mirza operates a legitimate business that does not operate scams, nor does he purposely make offensive statements online or offline to harm his clients or someone else. *See* Compl. at ¶ 23; *see* Mirza Decl. at ¶ 8. Further, Dr. Mirza has never been diagnosed as autistic or with any mental health condition. *Id*.; *see* Mirza Decl. at ¶ 8.

On or about December 26, 2019, Defendant John Doe #2 a/k/a Elizabeth M. ("Defendant John Doe #2"), with the username "Elizabeth M." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com ("the Second Defamatory Review"). *See*

4

Compl. at ¶ 25; *see also* Mirza Decl. at ¶ 9. Details regarding the Second Defamatory Review are provided at Compl. at ¶¶ 25-6. In the Second Defamatory Review, John Doe #2 falsely commented that Dr. Mirza gave her wrong product, failed to follow any sanitary procedures, and failed to ask or explain anything to the patient. *Id*. John Doe #2's review is false and defamatory because Plaintiffs take measures to ensure a sanitary practice. *See* Mirza Decl. at ¶ 9; Compl. at ¶ 30. Plaintiffs and their employees always act in a professional manner. *Id*. Dr. Mirza is a licensed medical professional who has many years of experience in cosmetic treatments. *Id*. Dr. Mirza always ensures that the correct product is used and the amount of product that is paid for. *Id*. Dr. Mirza also ensures that a patient can ask any questions or express any concerns before, during and after the procedure. Plaintiffs only use authentic products. *Id*.

On or about January 22, 2020, Defendant John Doe #3 a/k/a Robert R., a Yelp.com user, with the username "Robert R." ("Defendant John Doe #3) directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com ("the Third Defamatory Review"). *See* Compl. at ¶ 32; *see also* Mirza Decl. at ¶ 10. Details regarding the Third Defamatory Review are provided at Compl. at ¶¶ 32-3. In the Third Defamatory Review, John Doe #3 falsely commented that Dr. Mirza worked "out of gym bags in some back end storage room that was sketchy and dirty," used fake Botox, and failed to refrigerate cosmetic products. *Id*. John Doe #3's review is false and defamatory because Plaintiffs operate out of different commercial office spaces for the convenience of their patients. *See* Compl. at ¶ 36; Mirza Decl. at ¶ 10. Plaintiffs take all measures to ensure a sanitary practice. *Id*. Further, Plaintiffs do no use fake Botox and always use all authentic products. *Id*. Finally, Plaintiffs follow temperature guidelines from the products' companies and always have a refrigerator on site. *See* Compl. at ¶ 36.

On or about February 28, 2020, Defendant John Doe #4 a/k/a Zoe C., a Yelp.com user, with the username "Zoe C." ("Defendant John Doe #4") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Fourth Defamatory Review"). *See* Compl. at ¶ 39; *see also* Mirza Decl. at ¶ 11. Details regarding the Fourth Defamatory Review are provided at Compl. at ¶¶ 39-40. In the Fourth Defamatory Review, John Doe #4 falsely commented that at Dr. Mirza's practice "filler is diluted" and he/she paid more money than Dr. Mirza advertised. *Id*. John Doe #4's review is false and defamatory because Plaintiffs do not dilute the products used on their patients. *See* Compl. at ¶ 44; Mirza Decl. at ¶ 11. Further, Plaintiffs always inform its clients the price of their services before payment is due.[1] *Id*.

On or about March 20, 2020, Defendant John Doe #5 a/k/a Caroline P., a Yelp.com user, with the username "Caroline P." ("Defendant John Doe #5) directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Fifth Defamatory Review"). *See* Compl. at ¶ 46; Mirza Decl. at ¶ 12. Details regarding the Fifth Defamatory Review are provided at Compl. at ¶¶ 46-7. In the Fifth Defamatory Review, John Doe #5 falsely stated Dr. Mirza as "imposter of a doctor." *Id*. John Doe #5's review is false and defamatory because Dr. Mirza is a licensed medical doctor. *See* Compl. at ¶ 51; Mirza Decl. at ¶ 12.

On or about August 6, 2020, Defendant John Doe #6 a/k/a Yelena P., a Yelp.com user, with the username "Yelena P." ("Defendant John Doe #6") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Sixth Defamatory Review"). *See* Compl. at ¶ 53; *see also* Mirza Decl. at ¶ 13. Details regarding the Sixth Defamatory Review are provided at Compl. at ¶¶ 53-4. In the Sixth Defamatory Review, John Doe #6 falsely stated that Dr. Mirza is a "[p]op-up quack doctor" using "saline," "air," and "Windex" instead of authentic

---

[1] The Complaint inadvertently states that "Plaintiffs always are fully informed of the price of their services before payment is due," which will be corrected when an amended complaint naming the John Does is filed.

6

products. *Id*. John Doe #6's review is false and defamatory because Dr. Mirza is a licensed medical professional. *See* Mirza Decl. at ¶ 13; Compl. at ¶ 58. Plaintiffs only use authentic products on their patients and do not inject just "saline" and "air" nor do Plaintiffs inject their patients with Windex. *Id*.

On or about June 23, 2020, Defendant John Doe #7 a/k/a Lana W., a Yelp.com user, with the username "Lana W." ("Defendant John Doe #7") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Seventh Defamatory Review"). *See* Compl. at ¶ 60; *see also* Mirza Decl. at ¶ 14. Details regarding the Seventh Defamatory Review are provided at Compl. at ¶¶ 60-1. In the Seventh Defamatory Review, John Doe #7 falsely stated that Dr. Mirza is a "crook" and a "con artist" who "dilutes his injectables" and used "counterfeit" products. *Id*. John Doe #7 also falsely stated that Dr. Mirza "pop ups" in locations and "is never anywhere to be found." *Id*. John Doe #7's review is false and defamatory because Dr. Mirza is a licensed medical professional who operates a legitimate business. *See* Compl. at ¶ 65; *see also* Mirza Decl. at ¶ 14. Further, Plaintiffs also ensure that the practice engages in necessary procedures to ensure a sanitary practice. *Id*. Dr. Mirza does not intimidate his patients to buy more product nor does he dilute the product purchased by the client. *Id*. He also does not use counterfeit products, but only uses authentic products. *Id*. Plaintiffs operate out of different commercial office spaces for the convenience of their patients. *Id*. Plaintiffs also have a primary office location that they can be reached at, along with an office phone number and email address. *Id*.

On or about July 23, 2020, Defendant John Doe #8 a/k/a Zin N., a Yelp.com user, with the username "Zin N." ("Defendant John Doe #8") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Eighth Defamatory Review"). *See*

Compl. at ¶ 66; *see* Mirza Decl. at ¶ 15. Details regarding the Eighth Defamatory Review are provided at Compl. at ¶¶ 66-7. In the Eighth Defamatory Review, John Doe #8 commented that "[d]o not let him eat your money." *Id.* John Doe #8's review is false and defamatory because Plaintiffs are not engaged in the practice of theft or embezzlement. *See* Compl. at ¶ 71; *see* Mirza Decl. at ¶ 15.

On or about August 20, 2020, Defendant John Doe #9 a/k/a Carly D., a Yelp.com user, with the username "Carly D." ("Defendant John Doe #9") directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (the "Ninth Defamatory Review"). *See* Compl. at ¶ 73; *see* Mirza Decl. at ¶ 16. Details regarding the Ninth Defamatory Review are provided at Compl. at ¶¶ 73-4. In the Ninth Defamatory Review, John Doe #9 falsely accused Dr. Mirza for "not us[ing] full syringe and price gauges" and "water[ing] down his fillers…" *Id.* John Doe #9's review is false and defamatory because Plaintiffs inject each of their patients with the full amount of product that they paid for. *See* Compl. at ¶ 78; *see* Mirza Decl. at ¶ 16. Plaintiffs do no price gouge. *Id*. Plaintiffs do not water down the fillers they inject and do not engage in fraudulent practices as Dr. Mirza is a licensed medical professional who operates a legitimate business. *Id*.

Plaintiff have been and continue to be substantially and irreparably harmed. *See* Compl. at ¶ 3. Upon information and belief, as a direct and proximate result of Defendants' defamatory conduct described herein, a number of Dr. Mirza's patients (or prospective patients) have refused to start and/or continue business with Plaintiffs. *See* Compl. at ¶ 81-2.

## ARGUMENT

### A. The Court has Jurisdiction over Plaintiffs' Claims and Defendants

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." 28 U.S.C. §1332 (a)(1). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, as Defendants, upon information and belief, reside in the State of New York and Plaintiff Dr. Mirza resides in New Jersey and is the sole member and principal of Plaintiff Allied Medical. *See* Compl. at ¶¶ 4-8. The amount in controversy exceeds $75,000. *See* Compl. at ¶ 7.

The Court has personal jurisdiction over the Defendants because, upon information and belief, they are residents of the State of New York and/or committed tortious acts within the State which caused injury to Plaintiffs within the State. *See* Compl. at ¶ 8. Upon information and belief, and according to their Yelp.com user profiles, none of the Defendants are citizens of New Jersey. *See* Compl. at ¶ 6; *see* Mirza Decl. at ¶ 7; *see also* Parmanand Decl. at ¶ 8. All of the Defendants posted their comments on the Yelp pages that advertise Plaintiffs' business, Allied Medical. *See* Mirza Decl. at ¶ 6; Parmanand Decl. at ¶ 12. Further, Defendants subjected themselves to jurisdiction by invoking the benefits and protections of this State in an attempt to cause harm within the State. Defendants' Defamatory Reviews specifically targeted and identified Plaintiffs and have caused injury to property within the State. *See* Compl. at ¶¶ 3, 5, 8.

Plaintiffs have been personally aggrieved by Defendants' publication of multiple false and misleading statements which were intended to, and have, interfered with Plaintiffs' contractual relationships with its patients, customers, and vendors.

## B. Good Cause Exists to Grant Expedited Discovery to Determine the Identity of the John Doe Defendants.

Generally, Fed. R. Civ. P. 26 requires parties to meet and confer prior to commencing discovery. *See* Fed. R. Civ. P. 26(d), (f). However, Federal Rule of Civil Procedure 26(d)(1) permits a party to conduct discovery in advance of the conference of parties required by Fed. R. Civ. P. 26(f), "when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *see also*, e.g., *New Sensations, Inc. v. John Does 1-32*, No. 12 Civ. 3534 (PAE), 2012 WL 3100816 (S.D.N.Y. July 30, 2012); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990). Courts in this district and others "have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); *see Malibu Media, LLC v. John Does 1-10*, No. 12 Civ. 1146 (JS) (ETB), 2012 WL 1020455, at *1 (E.D.N.Y. Mar. 26, 2012); *Pearson Educ., Inc. v. Doe*, No. 12 Civ. 4786 (BSJ) (KNF), 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012).

Good cause exists here, as Plaintiffs are unable to uncover the identity of Defendants without issuing a third-party subpoena on Yelp.com. *See adMarketplace, Inc. v. Tee Support, Inc.*, No. 13 Civ. 5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) ("Courts . . . have found 'good cause' for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena."); *see also John Wiley & Sons v. John Does 1-22*, No. 12 Civ. 4231 (PAC), 2013 WL 1091315, at *5 (S.D.N.Y. March 15, 2013) ("There is good cause to grant expedited discovery in the instant matters because [plaintiff] has alleged a prima facie case of copyright infringement and it cannot identify the John Does without a court ordered

10

subpoena."); *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. July 31, 2012). Where a plaintiff has a potentially meritorious claim and no ability to enforce it, courts have found good cause for expedited discovery. *See, e.g.*, *Digital Sin*, 279 F.R.D. at 241. Here, Plaintiffs cannot proceed in their lawsuit against Defendants for their false and misleading statements without identifying them. As stated above, Yelp.com displays Defendants' usernames only in the format of "first name + initial of last name." *See* Compl. At ¶¶ 18, 25, 32, 39, 46, 53, 60, 66, 73; *see also* Parmanand Decl. at ¶ 9  Neither Defendants' reviews nor their profiles provide any contact information, such as their full names, phone numbers, email addresses, or mailing addresses, which would enable Plaintiffs to identify any specific individuals. *See* Mirza Decl. at ¶¶ 8-16; *see also* Parmanand Decl. at ¶ 13. While Plaintiffs have attempted to search their own business records for the identities of these users, they have been unable to do the lack of any detail provided on Yelp.com about the Defendants' true names and specific location or other identifying information, such as an email address. *See* Parmanand Decl. at ¶ 14. To be more specific, it is impossible to identify Defendants based on the Yelp.com information because (1) it is likely that Defendants' reviews were not posted contemporaneously with the service they received; (2) there were multiple people on Plaintiffs' business records with the same first name and last initial combination as Defendants; (3) the reviews do not provide details of the nature or the location of the performed service; and (4) it is possible that Defendants did not use their real names or true locations when posting the reviews. *Id.* Plaintiffs believe based on previous dealings with Yelp.com that the contact information in Yelp.com's possession, including but not limited Defendants' email addresses, zip codes, and IP addresses, will likely lead to a positive identification of Defendants. *See* Parmanand Decl. at ¶ 6. Thus, Plaintiffs are unable to obtain redress absent immediate and limited discovery. The good cause standard has been met.

Plaintiffs have established the required prima facie case of defamation and tortious interference with contracts. In order to make a prima facie case for defamation under New York law, a plaintiff must show "1) a false and defamatory statement of and concerning the plaintiff; 2) publication by defendant of such a statement to a third party; 3) fault on part of the defendant; and 4) injury to plaintiff." *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), aff'd, 29 F. App'x 676 (2d Cir. 2002). Plaintiffs have alleged evidence that Defendants are publishing false statements to third parties accusing Dr. Mirza of, *inter alia*, being a fake doctor and using fake products. *See* Compl. at ¶¶ 47, 33. Plaintiffs have further alleged evidence that as a direct and proximate result of Defendants' defamatory conduct, that upon information and belief, Dr. Mirza's patients or prospective patients have refused to start and/or continue to do business with Plaintiffs. *See* Compl. at ¶ 82.

While at this time Plaintiffs are only seeking the (1) email address, (2) IP addresses, (3) mailing address, and (4) full name of each Defendant from Yelp.com, given this Firm's experience with seeking information from Yelp.com, it is possible that additional information from other third-parties, such as the email provider or Internet Service Provider may be needed for identifying Defendants.

## CONCLUSION

Accordingly, Plaintiffs ask the Court for leave to conduct expedited discovery as necessary to learn the identities and contact information for Defendants. This will permit the Plaintiffs to amend the Complaint and serve the identified Defendants.

Dated: Brooklyn, New York
September 16, 2021

Respectfully submitted,

LEWIS & LIN, LLC

12

By: */s/ David D. Lin*

David D. Lin, Esq. (DL-3666)
Lauren Valli, Esq. (LV-7672)
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: david@iLawco.com
lauren@iLawco.com

*Counsel for Plaintiffs*

DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC
SERVICES, LLC